**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> RESEARCH IN MOTION, LTD., <br><br> Defendant. | Case No. 8:08-cv-00537-LES-TDT <br><br> **PRISM TECHNOLOGIES LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR AN EXTENSION OF THE DEADLINES ESTABLISHED BY THE COURT'S FINAL PROGRESSION ORDER (Dkt. #82)** |

**I.     INTRODUCTION**

As is all too often the case in complex litigation, RIM reflexively opposes Prism's Motion for Extension of Deadlines by largely ignoring the relevant facts, and instead attempts to question the motives behind the motion and make arguments based on unfounded speculation. RIM provides no evidence demonstrating that a delay would be costly to it, establishes no prejudice that would result from the requested extension, and does nothing to undermine the basic facts and circumstances demonstrating evident hardship and prejudice to Prism if the requested extension is denied.

**1.     The Basis for Prism's Request Stands Unchallenged, and Prism Will be Prejudiced Without the 90-Day Extension**

RIM begins its argument with the sweeping statement that "Prism's accusations in this case have no merit." RIM's Opp., p. 1. Not only is this wholesale statement misplaced as to the issue at hand, even if it were somehow true, an extension for new counsel to familiarize themselves with the record would have no adverse impact on RIM. In contrast, proceeding

without an extension would significantly prejudice Prism, as new counsel have had no ability to access almost all of the materials necessary to properly understand, assess and advocate Prism's positions in this case.[1]

RIM next argues that Prism has had "ample time for discovery." *Id*. This argument also misses the point. While Prism has had some time to conduct discovery, has done so, and will do more, the request for an extension was necessitated by an intervening circumstance -- the retention of new counsel. New counsel require an extension to familiarize themselves with the extensive record in the case, including a looming claim construction proceeding where no less than 22 claim terms require construction and more than 580,000 pages of documentation produced by RIM.

RIM next parses Prism's initial request for a 90-day period of extension as if playing the semantic game of "gotcha." Prism originally requested an extension of 90 days for the "process of retaining counsel to continue with the prosecution of the case," and RIM now claims that this request is mooted because Prism promptly acted and brought in current counsel. It is plainly evident that the process of getting new counsel in place to handle a litigation involves far more than simply hiring a new firm for the case – new counsel must gain some familiarity with a voluminous record, take over responsibility for briefing and arguing claim construction issues for 22 claim terms, prepare for depositions and other discovery, and otherwise get up to speed to handle all the issues in this complex case. RIM's argument fails to rebut the need for any of these activities, choosing instead to focus on a singular statement taken out of context.

---

[1] Now that the Court has granted the Motion by Prism's prior counsel to Withdraw (Dkt. #107), Prism must rely only on new counsel McDermott Will & Emery LLP for the upcoming deadlines, further necessitating that new counsel be permitted time to get up to speed.

Next, RIM points to the related ITC action and speculatively contends, with no evidentiary support, that Prism is attempting to "derail this case in favor of the ITC action." *Id*. at 3. RIM overreaches here as well. Indeed, as Prism documented in its Request for Expedited Consideration of Prism's Motion for Extension, good cause exists for granting a 90 day extension and new counsel stand prepared to move forward with expediency after appropriately familiarizing themselves with the record. Tellingly, RIM does not even attempt to refute the numerous cited examples of materials that new counsel will need to review and efforts needed to become familiar with the record in the case at bar.

### 2. Prism's Grounds for Extension Are Compelling and Not Rebutted by the ITC Action

Rim attempts to make great use of the fact that new counsel were involved in filing an ITC action against RIM. *Id.* Again, however, RIM's argument relies upon conjecture and finds no support. In any event, this argument is readily debunked. As pointed out previously, the preparation and filing of an ITC Complaint seeking an exclusion order against importation of infringing goods has nothing to do with new counsel's need to examine materials that are central to this ongoing litigation in order to effectively represent Prism's interests. RIM's opposition to the requested extension is indeed unrealistic, as it seeks to require Prism to proceed "full speed ahead" in this litigation despite the fact that new counsel have not had access to the voluminous materials necessary to properly understand key issues in the case, thus inviting error on many fronts. The significant prejudice that would result from denying the requested extension obviously outweighs, by a large margin any minor inconvenience RIM will endure if the extension is granted.

RIM's argument that Prism's new counsel are somehow equipped to immediately pick up where prior counsel left off because of the preparation of a complaint in the ITC is not grounded

in any facts.  RIM rhetorically argues that based on the ITC filing, "Prism must believe that it can be ready to try its case – in one forum or the other – in short order."  While ITC cases move fast, discovery does not immediately begin with the filing of the complaint, and to be sure, there is no responsive claim construction brief on 22 disputed terms due in eight days at the ITC, nor is there a hearing on the important issue of claim construction a month from now.  In any event, certain issues in this Court (such as damages) will not be considered in the ITC, and vice versa (existence of domestic industry and availability of an exclusion order), so RIM's rhetoric is misplaced.

RIM also argues that the 580,000 plus pages of documents produced by RIM are not relevant to the case over the next 60 days.  This argument is likewise ungrounded.  Fact discovery closes on January 29, 2010 – only some 49 days from the date of this paper, and spanning the holiday season.  As of today, Prism's new counsel is still in the process of transferring the case file and uploading those documents onto its system.  That gives Prism's new counsel extremely limited time to review these documents to determine what further discovery requests might need to be issued, identify discovery disputes and litigate them, determine what depositions need to be conducted and conduct them, and other unforeseen issues that may, and always do, arise.

RIM's position that the 580,000 plus pages of RIM documents are not relevant to any upcoming depositions of Prism witnesses is another red herring.  It is important for Prism's new counsel to obtain a fundamental understanding of the RIM and third party  confidential documents before any deposition is commenced.  RIM knows it would have an advantage during these depositions if new counsel was not familiar with these documents.  Regardless, there is no

dispute that the 580,000 of RIM documents will be relevant to RIM's witnesses, and it will take some significant time to obtain full access to and analyze the content of the documents.

### 3. Prism's Motion Should Be Granted

Prism requests that its Motion for an Extension be granted, as Prism has shown good cause. Prism's new counsel require the extension to prepare to handle ongoing discovery in the case and other critical pending matters. By way of example, Prism's Reply brief on claim construction is due on December 18, 2009 – eight days from today. That gives Prism's new counsel a short time period to analyze RIM's 44-page brief on claim construction regarding 22 disputed claim terms and craft a response, and not time to analyze RIM's produced documents to better understand why RIM might be taking certain positions on claim construction. The hearing on claim construction itself is scheduled for January 11, 2010, shortly after the new year.

WHEREFORE, Prism respectfully requests that the Court grant its Motion (Dkt. #82).

Dated: December 10, 2009

By: */s/ Daniel J. Fischer*
Michael C. Cox, #17588
Daniel J. Fischer, #22272
**KOLEY JESSEN P.C., L.L.O.**
1125 South 103rd Street, Suite 800
Omaha, Nebraska 68124
Phone: 402-390-9500
Fax: 402-390-9005
Mike.Cox@koleyjessen.com
Dan.Fischer@koleyjessen.com

and

- 6 -

    Robert J. Walters (*pro hac vice*)
    Blair M. Jacobs (*pro hac vice*)
    Charles J. Hawkins (*pro hac vice*)
    **McDERMOTT WILL & EMERY LLP**
    600 Thirteenth Street, N.W.
    Washington, D.C.  20005-3096
    rwalters@mwe.com
    bjacobs@mwe.com
    chawkins@mwe.com
    Telephone: 202 756 8000
    Facsimile:  202 756 8087

    and

    André J. Bahou, Esq. (*pro hac vice*)
    V.P. and Chief Intellectual Property Officer
    Prism Technologies LLC
    1455 Pennsylvania Avenue, NW, Suite 400
    Washington DC 20004

    *Attorneys for Plaintiff*
    *Prism Technologies LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **PRISM TECHNOLOGIES LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR AN EXTENSION OF THE DEADLINES ESTABLISHED BY THE COURT'S FINAL PROGRESSION ORDER** was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their email address on file with the Court, unless otherwise indicated below:

Scott W. Breedlove
sbreedlove@velaw.com
Allen W. Yee
aye@velaw.com
**VINSON & ELKINS, LLP**
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: (214) 220-7700
Fax: (214) 220-7716

Morgan L. Copeland, Jr.
mcopeland@velaw.com
William L. LaFuze
wlafuze@velaw.com
**VINSON & ELKINS, LLP**
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Tel: (713) 758-2661
Fax: (713) 758-5561

Richard P. Jeffries
rickjeffries@clinewilliams.com
**CLINE, WILLIAMS, WRIGHT, JOHNSON & OLDFATHER, LLP**
One Pacific Place
1125 South 103rd Street, Suite 320
Omaha, NE 68124
Tel: (402) 397-1700
Fax: (402) 397-1806

      **ATTORNEYS FOR RESEARCH IN MOTION, LTD.**

                                              */s/ Daniel J. Fischer*