**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| PRISM TECHNOLOGIES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:08CV537 |
| | ) | |
| v. | ) | |
| | ) | |
| RESEARCH IN MOTION, LTD, and | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED STIPULATED PROTECTIVE ORDER

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party or non-party as confidential information incorporating proprietary data, know-how, trade secrets, or other valuable commercial information. Accordingly, the parties, by and through their respective attorneys, stipulate and agree to the following terms and conditions, which shall apply to this civil action:

1.      Any document, tangible item, or testimonial information (including any document or tangible thing as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that is provided, produced, disclosed, or filed in the above-captioned case, by or on behalf of any party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, a deposition, a response to any type of written discovery, a submission to the Court, or otherwise ("Litigation Material"), which that party or non-party in good faith contends contains information proprietary to it and entitled to protection under Rule 26(c) of the Federal Rules of Civil

Procedure, may be designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" except as permitted by further Order of a Court of competent jurisdiction, or by subsequent written agreement of the producing party or non-party. Such Litigation Material shall be received by counsel of record for the receiving party upon the terms and conditions of this Protective Order. Nothing in this Protective Order shall obligate any party or non-party to produce any Litigation Material to any other party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule.

2.     Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

(a)     In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY."

(b)     In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY."

(c)     In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY."

(d)      In producing original files and records for inspection, no marking need be made by the producing party or non-party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party or non-party shall mark as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.  A party producing documents as part of this provision must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense.  Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.  To reiterate, this paragraph applies only to original documents made available for inspection to opposing counsel.

3.

(a)      With respect to all Litigation Material produced or furnished by a party or non-party during this litigation, which is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" by the producing party or non-party, such information shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

(b)      All  "CONFIDENTIAL,"  "ATTORNEYS'  EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE

ATTORNEYS' EYES ONLY" information shall be carefully maintained by the receiving party in secure facilities and access to such "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information shall be permitted only to persons having access thereto under the terms of this Protective Order.

4.

   (a)   If, in the course of this proceeding, witnesses testify in depositions or at a court hearing or trial, counsel for the witness or party producing such information may state, on the record, the portion of the deposition, court hearing, or trial which counsel believes may contain "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information. If such designation is made, that portion of the deposition, court hearing, or trial will be conducted with no one present except those persons who are authorized to have access to such "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information in accordance with this Protective Order, and the court reporter and videographer. Subject to the terms hereof, "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information may be disclosed by a receiving party in a deposition, to the extent that is reasonably necessary, only at the deposition(s) of:

      (i)   present employees or affiliates of the producing party or non-party;

(ii)     an author, addressee, or other person indicated as a lawful recipient of a document containing the information, either because a document identifies the witness as an author, recipient, or carbon copy, or because a document comes from the files of the witness;

(iii)    any witness that the disclosing lawyer has a reasonable, good faith belief based upon the witness's testimony or the testimony of other witnesses that the witness has had previous access to the information;

(iv)    an independent adviser, consultant, or expert otherwise qualified under this Protective Order to receive such information; or

(v)     any person for whom prior authorization is obtained from the producing party or non-party or the Court.

(b)     Any witness testifying at a deposition, court hearing, or trial, or their counsel, who receives "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information shall not reveal or discuss the contents of that information to or with any person who is not entitled to receive such information pursuant to this Protective Order.

(c)     Nothing in this Protective Order shall prevent a party from using "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information at a court hearing or at trial.

(d)     Information conveyed or discussed in testimony at a deposition, court hearing, or trial shall be subject to this Protective Order provided it is designated "CONFIDENTIAL,"

"ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" orally or in writing either at the time the testimony is given or after receipt by the parties of the transcript as set forth in this paragraph. In the alternative, each party shall have until thirty (30) days after receipt of the deposition transcript within which to inform, in writing, the other parties to the action of the portions of the transcript (by specific page and line reference) that are to be designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY." If not designated orally or in writing, the right to make such designation shall be waived after the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed "ATTORNEYS' EYES ONLY" information, transcripts of testimony, or portions thereof, containing "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information shall be filed only under seal as described in paragraph 5 until further Order of the Court.

5.    Any document, pleading, or tangible item which contains "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information, if filed or submitted to the Court, shall be filed under seal according to Court procedures.

6.    Subject to paragraph 27, any Litigation Material produced by any party or non-party which reflects or contains any of the following information may be designated in writing as "CONFIDENTIAL":

(a)    Confidential or proprietary technical or scientific information;

(b)     Confidential know-how;

(c)     Confidential, proprietary or sensitive business or financial information;

(d)     Product research and development information;

(e)     Customer and supplier information;

(f)     Marketing strategies and information;

(g)     Strategic business information including without limitation business plans, manufacturing information, cost information, or logistical information;

(h)     Any information which is not generally known and which the producing party or non-party would not normally reveal to third parties or would cause third parties to maintain in confidence; and

(i)     Confidential information of a non-party that the producing party or non-party is bound by a separate confidentiality agreement or court order to maintain in confidence.

Other categories of "CONFIDENTIAL" information may exist.  The parties agree to designate information as "CONFIDENTIAL" on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

7.     Subject to paragraph 27, any Litigation Material produced by any party or non-party which contains information proprietary to the producing party or non-party and which is particularly sensitive competitive information may be designated in writing as "ATTORNEYS' EYES ONLY." Examples of the types of information that may be designated as "ATTORNEYS' EYES ONLY" include:

     (a)    The names, or other information tending to reveal the identities, of a party's supplier;

     (b)    The names, or other information tending to reveal the identities, of a party's present or prospective customers;

     (c)    Proprietary technical, pricing, sales and financial information of a party;

     (d)    The names, or other information tending to reveal the identities, of a party's distributors;

     (e)    Marketing plans of a party;

     (f)    "CONFIDENTIAL" information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); and

     (g)    Trade secrets.

Other categories of "ATTORNEYS' EYES ONLY" information may exist. The parties agree to designate information as "ATTORNEYS' EYES ONLY" on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

8.    Any Litigation Material produced by any party or non-party which reflects or contains non-public source code for software or computer applications or hardware description language (HDL) code (or the equivalent) may be designated in writing as "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY."  Other categories of "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" information may exist.  The parties agree to designate information as "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" on a good-faith basis and

not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

9.      Subject to paragraph 27, any Litigation Material produced by any party or non-party which contains information related to licensing or settlements of litigation or other disputes may be designated in writing as "OUTSIDE ATTORNEYS' EYES ONLY."  Examples of the types of information that may be designated as "OUTSIDE ATTORNEYS' EYES ONLY" information include:

(a)      Licensing agreements between any party and any third part(ies) and information related to the same,

(b)      Settlement agreements between any party and any third part(ies) and information related to the same, and

(c)      Information reflecting the receipt or payment of licensing fees or royalties.

The parties agree to designate information as "OUTSIDE ATTORNEYS' EYES ONLY" on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

10.      At any time prior to the final pretrial conference in this action, a producing party or non-party may seek additional protection for previously produced Litigation Material by designating such Litigation Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" or changing the classification of any Litigation Material designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" by providing written

1142671.1

notice to the recipients of such information; provided that no such recipient shall be bound by the terms of this Protective Order, or subject to liability for failure to comply with such terms, until receipt of such written notice.  If Litigation Material was properly shown to a person who would not be entitled to see it as newly designated or re-designated, that person shall be advised that the Litigation Material has been designated or re-designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" as the case may be, and instructed not to use the Litigation Material for any purpose other than the litigation of this action.

11.

(a)     At any time prior to the final pretrial conference in this action, any party may object in good faith to the designation or re-designation of any document or information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" by providing written notice of the objection to the designating party.  The notice shall state with specificity the document objected to and the basis for the objection, including without limitation that (i) the information is or comes to be publicly disclosed in a printed publication, (ii) the information is or comes to be generally publicly known, (iii) the information is or comes to be otherwise known to the parties without any breach of the confidentiality obligations hereunder; or (iv) any other reason the receiving party believes the document or information has been over designated by the producing party.  The producing party or non-party shall, within ten (10) calendar days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation.  Within ten (10) calendar days thereafter, the parties shall confer in a good faith effort to resolve the matter.  If the dispute cannot

be resolved between the parties, the objecting party within ten (10) calendar days from the final conference may move the Court requesting that the document(s) in question be redesignated. If such motion is brought by the objecting party, the designating party shall bear the burden of establishing the confidentiality of the document(s) in question.

(b)   Notwithstanding any objection to the designation or re-designation of Litigation Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" Litigation Material designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the party or non-party who designated the Litigation Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" changes or removes such designation in writing or (ii) the Court orders the producing party or non-party to change or remove such designation. If Litigation Material was properly shown to a person who would not be entitled to see it as re-classified, that person shall be advised that the Litigation Material has been re-classified and instructed not to use the Litigation Material for any purpose other than the litigation of this action.

(c)   Any disclosure of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information under this Protective Order shall not serve as a basis for challenging the designation or re-designation of "CONFIDENTIAL," "ATTORNEYS' EYES

ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information.

(d)     No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made or any time until the final pretrial conference in this action.  No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time until the final pretrial conference in this action.

12.     Except as permitted by further order of this Court or by subsequent written agreement of the producing party or non-party, disclosure of "CONFIDENTIAL" documents or information, including summaries thereof, shall be limited to:

(a)     outside litigation counsel of record and supporting personnel employed in or by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

(b)     technical advisers and their necessary support personnel, subject to the provisions of paragraphs 16-22 herein and who have signed the form attached hereto as Appendix A (the term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and whom complies with paragraph 18);

(c)     up to two (2) in-house counsel with responsibility for managing this litigation, and up to three (3) employees in a party's legal department necessary to assist them in this litigation (i.e. clerical staff or paralegals), who do not have responsibility for plaintiff's or defendants' patent prosecution and who have signed the form attached hereto as Appendix A;

1142671.1

Page 12

(d)    up to two (2) employees of a party who either have responsibility for making decisions dealing directly with the litigation in this action or who are assisting outside counsel in preparation for proceedings in this action who have signed the form attached hereto as Appendix A and who do not have responsibility for plaintiff's or defendants' patent prosecution;

(e)    the Court, its personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court);

(f)    independent legal translators retained to translate in connection with this action and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

(g)    graphics, translation, or design services retained by counsel for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in the actions, non-technical jury or trial consulting services;

(h)    personnel at jury consultants, mock jurors, document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation of this action;

(i)    commercial copy vendors retained by counsel for purposes of this action;

(j)    any other person with the prior written consent of the producing party or non-party; and

(k)    authors, drafters, or recipients of the documents or information.

13.    Except as permitted by further order of this Court or by subsequent written agreement of the producing party or non-party, disclosure of "ATTORNEYS' EYES ONLY" documents or information, including summaries thereof, shall be limited to:

(a)     outside litigation counsel of record and supporting personnel employed in or by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

(b)     technical advisers and their necessary support personnel, subject to the provisions of paragraphs 16-22 herein and who have signed the form attached hereto as Appendix A;

(c)     up to two (2) in-house counsel with responsibility for managing this litigation, and up to three (3) employees in a party's legal department necessary to assist them in this litigation (i.e. clerical staff or paralegals), who do not have responsibility for plaintiff's or defendants' patent prosecution and who have signed the form attached hereto as Appendix A;

(d)     the Court, its personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court);

(e)     independent legal translators retained to translate in connection with this action and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

(f)     graphics, translation, or design services retained by counsel for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in the actions, non-technical jury or trial consulting services;

(g)     personnel at jury consultants, mock jurors, document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation of this action;

(h)     commercial copy vendors retained by counsel for purposes of this action;

(i)     any other person with the prior written consent of the producing party or non-party; and

(j)     authors, drafters, or recipients of the documents or information.

14.     Except as permitted by further order of this Court or by subsequent written agreement of the producing party or non-party, disclosure of "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" documents or information, including summaries thereof, shall be limited to:

(a)     outside litigation counsel of record and supporting personnel employed in or by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

(b)     technical advisers and their necessary support personnel, subject to the provisions of paragraphs 16-22 herein, and who have signed the form attached hereto as Appendix A;

(c)     the Court, its personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court);

(d)     independent legal translators retained to translate in connection with this action and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

(e)     graphics, translation, or design services retained by counsel for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in the actions, non-technical jury or trial consulting services;

(f)     personnel at jury consultants, mock jurors, document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation of this action;

(g)     commercial copy vendors retained by counsel for purposes of this action; and

(h)     authors, drafters, or recipients of the documents or information.

15.     Except as permitted by further order of this Court or by subsequent written agreement of the producing party or non-party, disclosure of "OUTSIDE ATTORNEYS' EYES ONLY" documents or information, including summaries thereof, shall be limited to:

(a)     outside litigation counsel of record and supporting personnel employed in or by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

(b)     technical advisers and their necessary support personnel, subject to the provisions of paragraphs 16-22 herein and who have signed the form attached hereto as Appendix A;

(c)     the Court, its personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court);

(d)     independent legal translators retained to translate in connection with this action and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

(e)     graphics, translation, or design services retained by counsel for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in the actions, non-technical jury or trial consulting services;

(f)     commercial copy vendors retained by counsel for purposes of this action;

(g)     any other person with the prior written consent of the producing party or non-party; and

(h)     authors, drafters, or recipients of the documents or information.

16.     Information designated by the producing party or non-party as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" and such copies of this information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel, subject to the terms of this Protective Order.

17.     No disclosure of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Appendix A, and to the extent there has been an objection under paragraph 19 that objection is resolved as discussed below.

18.     A party desiring to disclose "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to a technical adviser shall also give prior written notice to the producing party or non-party, who shall have ten (10) business days after such notice is given to object in writing.  The party desiring to disclose "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE

ATTORNEYS' EYES ONLY" information to a technical adviser must provide the following information for each technical adviser: (i) name, address, curriculum vitae, current employer, employment (including consulting) history for the past four (4) years and any previous or current relationship (personal or professional) with any of the parties; and (ii) a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years.  No "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period, unless the producing party or non-party provides its consent prior to the expiration of said period.

19.     A party objecting to disclosure of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection.  Should the party desiring to disclose "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to a technical adviser disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally.

The objecting party's consent to the disclosure of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to a technical adviser shall not be unreasonably withheld.

20.     If the informal efforts do not resolve the dispute within ten (10) business days after the objection has been lodged, the producing party or non-party may file a motion for protection to prevent the disclosure of certain (or any) "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to the designated person.  A failure to file a motion within thirty (30) business days after the objection has been lodged by the producing party or non-party, or other later time agreed to by the parties shall operate as an approval of disclosure of the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to the technical adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

21.     The objecting party shall have the burden of showing to the Court that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the receiving party's need to disclose the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to its technical adviser.

22.     In the event that any technical adviser ceases to be engaged in the litigation of this action, access by such person to "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" information shall be terminated.  The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such technical adviser.

23.     Any natural person who on behalf of the plaintiff or the defendants reviews technical information designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" shall not participate in any way, direct or indirect, in the prosecution or support of the prosecution of any patent application, reexamination or reissue of a patent directed to technology disclosed in United States Patent No. 7,290,288 for a period of three years (for patent application or reissue prosecution and support) or two years (for reexamination prosecution and support) after that person's last review of the designated information or as otherwise agreed to by the parties in the case. To the extent an individual on behalf of the plaintiff or the defendants reviews "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information, that person shall abide by the terms of this paragraph unless otherwise agreed to by the party or non-party that produced the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information. An information barrier shall be maintained to ensure that persons who are not intended to have to "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information are precluded from accessing that information. This provision, however, does not limit or restrict plaintiff's obligation to notify the USPTO of the existence of this patent litigation, prior art cited in this litigation, or any invalidity contention made by any of the defendants that would give rise to a duty to disclose information to the USPTO. This paragraph does not limit or restrict an individual on behalf of the defendants from both reviewing plaintiff's confidential information and challenging

validity in a reexamination proceeding for a patent directed to technology disclosed in United States Patent No. 7,290,288.  But this paragraph does prohibit an individual on behalf of plaintiff from both reviewing defendants' confidential information and representing the patentee in a reexamination proceeding for a patent directed to technology disclosed in United States Patent No. 7,290,288. Should information previously designated as confidential information under this Protective Order be cited or disclosed by the producing party in such a reexamination proceeding as prior art, the confidential status of that information shall be waived and no longer apply.

24.     Inadvertent or unintentional production of documents or things containing "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information that are not designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  The producing party or non-party shall notify the receiving parties promptly after the discovery of the error in writing and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent disclosure of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE -

ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information in any form. Compliance with the foregoing shall not prevent the producing party or non-party from seeking further relief from the Court.

25.    The restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party provided that such information does not become publicly known by any act or omission of the receiving party its employees, or agents which would be in violation of this order.  If such public information is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" the receiving party must inform the producing party or non-party of the pertinent circumstances before the restrictions of this order will be inapplicable.

26.    No person or party shall directly or indirectly utilize or disclose any "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information obtained pursuant to pretrial discovery in this action, except for the purposes of preparation, trial, and appeal of this action only and in accordance with any further order issued by the Court.  Nothing herein shall prevent or in any way limit disclosure, use, or dissemination of any documents, things, or information that are in the public domain.

1142671.1

27.     This Protective Order shall be without prejudice to the right of any party or non-party to oppose production of any information on grounds other than confidentiality.

28.     This Protective Order shall not prevent any party or non-party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

29.

(a)     At the conclusion of this action, including any appeals, all "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information furnished pursuant to this Protective Order, and all copies and summaries thereof and notes made therefrom, shall be returned to the producing attorneys of record, or, at the producing party's or non-party's option, destroyed by counsel for the receiving party, within sixty (60) days of the conclusion of this action. If the receiving party destroys "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information as provided in this paragraph, such party must certify to the producing party or non-party in writing that it has made a reasonable and good faith effort to destroy such "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information, and that all such material has been destroyed to the best of its knowledge.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE -

ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information produced hereunder shall continue to be binding after the conclusion of this action.

(b)     Notwithstanding paragraph 29(a), outside litigation counsel for each party and each party's in house legal department may retain a record including one copy of the following, irrespective of whether or not "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information of another party or non-party is included: (i) its correspondence file of this case; (ii) its pleadings file; (iii) any briefs and appendices on appeal; (iv) all legal research memoranda; and (v) its file of trial transcripts and accompanying exhibits.  In the instance of "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" information, the foregoing exception to paragraph 29(a) shall apply only to excerpts, partial source code files, and testimony; no substantially complete source code files shall he retained under any circumstances.

(c)     For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction indefinitely over the parties and any persons provided access to "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information under the terms of this Protective Order.

30.     If discovery is sought of a person not a party to this action ("non-party") requiring disclosure of such non-party's "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information, the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE

ATTORNEYS' EYES ONLY" information disclosed by such non-party will be accorded the same protection as the parties' "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information, and will be subject to the same procedures as those governing disclosure of the parties' "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information pursuant to this Protective Order.

31.     This Order is not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity or to preclude any party from seeking relief either from a provision of this Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure.  Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity of privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production after the producing party learns of such inadvertent production.  If prompt notification is made, such inadvertently produced document and all copies shall be returned to the producing party or destroyed, upon request.

32.     Nothing in this Protective Order shall limit any producing party's or non-party's use of its own documents, things, or information.  Nor shall anything in this Protective Order prevent any producing party or non-party from disclosing its "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to any person.  Such disclosures shall not affect any designation of such documents as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY,"

"CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

33.     Nothing herein shall prevent the disclosure of any "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information to any of the following:

(a)     any current employee of the producing party or non-party;

(b)     any current employee of the receiving party if the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information originated with, or was sent to, the current employee of the receiving party, as evidenced by the identification of the current employee as an author, recipient, or carbon copy on the face of the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information; or

(c)     any former employee of the receiving party or producing party or non-party if the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY."  Information originated with, or was sent to, the former employee during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or carbon copy on the face of the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY,"

"CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information.

34.     Nothing in this Protective Order shall prevent disclosure beyond the terms of the Protective Order: (i) if the designating party(ies) consents to such disclosure; (ii) if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the party to whom "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY" information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the designating party and permits counsel for that party at least fourteen (14) calendar days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

35.     All persons bound by this Protective Order are hereby notified that if this Protective Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court on motion and after a hearing deems just.

36.     Entry of this Protective Order shall be without prejudice to the application by any party or non-party (i) for relief from any restriction contained herein or (ii) for any order compelling or further restricting the production or use of any Litigation Material produced, furnished, or disclosed in the course of discovery in this action.  The parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

37.     "CONFIDENTIAL SOURCE CODE -ATTORNEYS' EYES ONLY" information shall be subject to the additional protection of this paragraph.

(a)     Documents or other things that contain a party's source code may be designated "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" consistent with paragraph 8 above.  Other documents or things that include confidential, proprietary, and/or trade secret source code or object code may be designated "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" only if confidential, proprietary, and/or trade secret source code or object code cannot reasonably be segregated from the document or thing.  The source code will be made available for review at a single secure site at the producing party's outside counsel's office (in Washington, D.C. with respect to Prism and in Dallas, Texas with respect to Research in Motion).  The following conditions shall govern the production, review, and use of source code information.

(b)     All source code produced shall be deemed designated as "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY."  All such source code, and any other protected information designated as "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" shall be subject to the following provisions:

(i)     All source code will be made available by the producing party to the receiving party's outside counsel and/or technical advisers in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer").  The producing party shall

be obligated to install such reasonable tools or programs necessary to review and search the code produced on the platform produced.

(ii)     The receiving party's outside counsel and/or technical advisers shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  Such notes shall be subject to the provisions of paragraph 35(b)(vii) below.  No copies of all or any portion of the source code may leave the room in which the source code is inspected, except as otherwise provided herein.  Furthermore, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(iii)     The producing party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the code. The receiving party may print portions of the source code only when reasonably necessary to facilitate the receiving party's preparation of the case, including (1) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (2) to prepare internal attorney work product materials, (3) or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences. The receiving party shall print only such portions as are reasonably necessary for the purposes for which any part of the source code is printed at the time.  In no event may the receiving party print more than seventy-five (75) consecutive pages or more than 1,000 pages of source code in aggregate during the duration of the case without prior written approval by the producing party, which approval will not be unreasonably withheld. Upon printing any such portions of source code, the printed pages shall be collected by the producing party.  The producing party shall Bates number, copy, and

label "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" any pages printed by the receiving party. If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days of the printing of any such portions by the receiving party. If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether or not the printed source code in question is reasonably necessary to any case preparation activity. In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one copy set of such pages to the receiving party within five (5) business days of the printing of such pages by the receiving party or, if applicable, resolution of a dispute by the Court, and shall retain one copy set. The printed pages shall constitute part of the source code produced by the producing party in this action.

(iv) A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. Such source code will be made available during regular business hours (9:00 A.M. to 6:00 P.M. local time) on three (3) business days notice during the period prior to completion of fact discovery in this action, or other hours as mutually and reasonably agreed upon on reasonable notice. The receiving party shall maintain a daily log of the names of persons who enter the private room to view the source code and when they enter and depart. The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to receive a copy of the log.

(v)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel, and/or technical advisers shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

(vi)     Other than as provided in paragraph 35(b)(iii) above, the receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

(vii)     The individuals who have been approved to access source code for a receiving party under paragraphs 16-22 above shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in paragraph 35(b)(ii)) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when those materials are not in use;

(viii)     The receiving party's outside counsel of record may make no more than five additional paper copies of any portions of the source code printed pursuant to paragraph 35(b)(iii), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person under paragraph 35(b)(xiii) below of this section.  The

log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any paper copies of source code shall be designated "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" and shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of the individuals who have been approved to access source code under paragraphs 16-22, (iii) the site where any deposition is taken, (iv) the Court, or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition.  Any such paper copies shall be maintained at all times in a locked and secure location.  The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order.  The producing party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

        (ix)     The receiving party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used - as an example, excerpts of approximately 25 to 40 lines in length would be allowed.

        (x)     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" or (2) those pages containing quoted source code will be separately bound, and stamped as "CONFIDENTIAL SOURCE CODE -

ATTORNEYS' EYES ONLY." All SOURCE CODE DOCUMENTS shall be filed under seal.

(xi)     All paper copies shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xii)     The receiving party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF or photograph the code).  The receiving party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

(xiii)     Source code will only be made available to individuals specified in paragraph 14 above.

38.     Drafts of expert reports and the expert's own notes need not be retained or produced, and the parties further agree that correspondence between counsel and testifying experts is immune from discovery under the attorney work product doctrine and therefore will not be produced absent an appropriate showing of substantial need for such materials under the Rules.  The parties further agree that there may be inquiry at the deposition of any testifying expert into who, if anyone, other

than the expert participated in the drafting of his/her report and what the respective contributions

were.  Materials on which the expert relied in forming his/her opinions must be retained and are

discoverable, notwithstanding any other provision of this paragraph.

SO ORDERED this 9th day of February, 2010.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior United States District Judge

SO STIPULATED this 27th day of January, 2010:

PRISM TECHNOLOGIES LLC

By:      /s/ Robert J. Walters
         Robert J. Walters
         Charles J. Hawkins
         Blair M. Jacobs
         MCDERMOTT WILL & EMERY
         600 13th Street, N.W., Suite 1200
         Washington, DC 20005-3096
         Phone: 202-756-8000
         Fax: 202-756-8087
         rwalters@mwe.com
         chawins@mwe.com
         Bjacobs@mwe.com

         Michael C. Cox, #17588
         Daniel J. Fischer, #22272
         KOLEY JESSEN P.C., L.L.O.
         One Pacific Place
         1125 South 103rd Street, Suite 800
         Omaha, Nebraska, 68124
         Phone: 402-390-9500
         Fax: 402-390-9005
         Mike.Cox@koleyjessen.com
         Dan.Fischer@koleyjessen.com

         *Attorneys for Prism Technologies LLC*

1142671.1                          Page 34

RESEARCH IN MOTION, LTD.

By:    /s/ Richard P. Jeffries
        Richard P. Jeffries
        CLINE, WILLIAMS, WRIGHT,
          JOHNSON & OLDFATHER, L.L.P.
        1125 S.103rd St. - Suite 320
        Omaha, NE 68124
        Phone: 402-397-1700
        Fax: 402-397-1806
        rickjeffries@clinewilliams.com

        Scott W. Breedlove
        Allen W. Yee
        VINSON & ELKINS, L.L.P.
        2001 Ross Avenue - Suite 3700
        Dallas, TX  75201
        Phone: 214-220-7700
        Fax: 214-220-7716
        sbreedlove@velaw.com
        ayee@velaw.com

        Morgan L. Copeland
        William LaFuze
        VINSON & ELKINS, L.L.P.
        1001 Fannin Street - Suite 2500
        Houston, TX  77002
        Phone: 713-758-2661
        Fax: 713-615-5561
        mcopeland@velaw.com
        wlafuze@velaw.com

        James D. Shead
        Syed K. Fareed
        VINSON & ELKINS, L.L.P.
        2801 Via Fortuna - Suite 100
        Austin, TX 78746
        Phone: 512-542-8400
        Fax: 512-542-8612
        jshead@velaw.com
        sfareed@velaw.com

Richard P. Jeffries
CLINE, WILLIAMS, WRIGHT,
  JOHNSON & OLDFATHER, L.L.P.
1125 S.103rd St. - Suite 320
Omaha, NE 68124
Phone: 402-397-1700
Fax: 402-397-1806
rickjeffries@clinewilliams.com

*Attorneys for Research In Motion, Ltd.*

Page 36

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

PRISM TECHNOLOGIES, LLC )
                         )
            Plaintiff, )
                         )
         v. )               Case No. 8:08-cv-537
                         )
RESEARCH IN MOTION, LTD, and )
MICROSOFT CORPORATION, )
                         )
         Defendants. )

## <u>APPENDIX A</u>

I have read and reviewed in its entirety the annexed Amended Stipulated Protective Order

("Protective Order") that has been signed and entered in this matter.

I hold the position of _____ with _____, and I hereby agree

to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose

any information designated under the Protective Order that I either review or about which I am told,

to any person, entity, party, or agency for any reason, except in accordance with the terms of the

Protective Order.

I further agree to submit to the jurisdiction of this Court for the purpose of enforcement of

the terms of this Protective Order.

DATED this _____ day of _____, 20____.

_____
(Signature)

_____
(Typed Name)

1142671.1