```
            IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,      )
                              )
          Plaintiff,          )       8:08CV537
                              )
     v.                       )
                              )
RESEARCH IN MOTION, LTD,      )       MEMORANDUM AND ORDER
                              )
          Defendant.          )
_____)
```

## I.   INTRODUCTION

This matter is before the Court on plaintiff Prism Technologies, LLC's ("Prism") motion to amend its disclosure of asserted claims and preliminary infringement contentions (Filing No. 119). Defendant Research in Motion, Ltd. ("RIM") opposed Prism's motion and filed a brief in opposition (Filing No. 134). Thereafter, Prism filed a reply brief (Filing No. 142).[1] In RIM's opposition brief, RIM requested oral argument prior to the Court's resolution of the motion to amend. The Court held a hearing on March 17, 2010, at which the parties presented arguments supporting their positions. Upon reviewing Prism's motion, the parties' briefs and evidentiary submissions, the parties' oral arguments, and the relevant law, the Court finds Prism's motion to amend should be granted.

---

[1] Prism also filed a motion to file its reply brief under seal, which the Court will grant.

## II. BACKGROUND

This patent case arises out of a dispute regarding U.S. Patent No. 7,290,288 (the "'288 patent"), entitled "Method and System for Controlling Access, by an Authentication Server, to Protected Computer Resources Provided Via an Internet Protocol Network," which Prism putatively holds (Complaint, Filing No. 1, at 1). Prism filed this action on December 29, 2008, alleging RIM and Microsoft Corp. had infringed upon the '288 patent (*Id.*). Prism and Microsoft settled, and the Court dismissed Microsoft from the case on September 28, 2009 (Filing No. 67).

On May 1, 2009, the parties filed a planning meeting report, pursuant to Fed. R. Civ. P. 26(f) (the "Rule 26(f) Report") (Rule 26(f) Report, Filing No. 42). In the Rule 26(f) Report, Prism acknowledged that it would serve its initial asserted claims and infringement contentions by June 19, 2009 (*Id.* at 11). The parties agreed Prism could amend its infringement contentions through August 21, 2009, without seeking leave of Court (*Id.*). The parties also agreed in the Rule 26(f) Report that Prism would be allowed to amend its infringement contentions without leave of Court up to fifteen days after the Court's entry of a claims construction ruling (*Id.*). For all other amendments, Prism would have to obtain leave of Court (*Id.*).

Prism disclosed its asserted claims and preliminary infringement contentions on June 26, 2009 (Prism Disclosure, Filing No. 140-4, Exhibit 4, at 48). In this disclosure, Prism alleged one instance in which RIM's system had infringed upon the '288 patent: "RIM's internal use of the Smart Card technology in conjunction with RIM's BlackBerry Desktop Wired Activation Feature Utilizing a BlackBerry Enterprise Server in Conjunction with Any Compatible BlackBerry Mobile Device" (*Id.* at 3).

In making its infringement contentions, Prism had not had the opportunity to review numerous documents RIM held that were relevant to the case. Because many of RIM's documents that were relevant to the case were confidential in nature, RIM refused to disclose these confidential documents to Prism until a protective order was in place (Prism's Index, Filing No. 143-3, Exhibit C, at 6). In light of this and pursuant to the Rule 26(f) Report, the parties began to negotiate the terms of a protective order on May 29, 2009 (Prism's Index, Filing No. 143-2, Exhibit B, at 4). A draft protective order was prepared and distributed on June 2, 2009, and Prism provided comments on the draft protective order on June 15, 2009 (*Id.* at 2, 3). The parties continued to negotiate the protective order's terms throughout July 2009 and into August (*See generally id.* at 1-6). Ultimately, the parties agreed to a protective order on August 19, 2009, and the Court entered the protective order August 20,

-3-

2009,[2] one day before Prism's deadline to file amended infringement contentions without leave of Court (*Id.*; Filing No. 63).  Prism sent a letter to RIM on August 21, 2009, informing RIM that Prism would not amend its preliminary infringement contentions, but that Prism was reserving the right to supplement its preliminary infringement contentions after Prism had an opportunity to review the confidential documents RIM would produce to Prism (Niro-Breedlove Letter, Filing No. 119-1, Exhibit 1, at 2).

From August 2009 to present, RIM disclosed numerous documents to Prism on a rolling basis.  Prior to the Court's entry of the protective order, RIM produced 15,198 pages of documents (Prism' Motion to Amend, Filing No. 119, at 2).  After the protective order's entry, RIM disclosed documents to Prism as follows:

| MONTH | NUMBER OF DOCUMENTS PRODUCED |
| --- | --- |
| August (After Protective Order's Entry) | 14,037 |
| September | 0 |
| October | 522,413 |
| November | 31,664 |
| December | 32,662 |
| January | 421 |

---

[2] The Court entered an amended protective order on February 9, 2010, at Prism and RIM's request (Filing Nos. 115 & 122).

| February | 848 |
| March | 26,442 |

(*Id.*; Prism's Hearing Presentation, at slide 4).

While RIM was in the midst of its rolling document production, Prism's counsel moved to withdraw from the case on November 25, 2009 (Filing No. 81).  The Court granted this motion on December 10, 2009, and Prism's current counsel began its representation of Prism (Filing No. 107).  The next day, in recognition of the fact that Prism's new counsel would need time to become familiar with the case, the Court entered an amended final progression order (Filing No. 109), which moved the deadlines in the case back approximately ninety days.

On January 28, 2010, Prism notified RIM of Prism's intent to amend its preliminary infringement contentions (Walters-Breedlove Letters, Filing No. 143-1, Exhibit A, at 2).  Prism soon thereafter revised its preliminary infringement contentions and provided these revisions to RIM on February 2, 2010 (*Id.* at 3).  After RIM informed Prism of RIM's intent to oppose the amendments, Prism filed its motion to amend on February 5, 2010 (Filing No. 119, at 3).  In its amended infringement contentions, Prism alleged the following systems of RIM's BlackBerry Enterprise Solution infringed upon the '288 patent:

- RIM's BlackBerry Wired Desktop Activation Configuration utilizing

    BlackBerry Enterprise Server with
    any compatible BlackBerry
    Smartphone Device;

- RIM's BlackBerry Wired Web Desktop Activation Configuration utilizing BlackBerry Enterprise Server with any compatible BlackBerry Smartphone Device; and

- RIM's BlackBerry Wired Administrator Activation Configuration utilizing BlackBerry Enterprise Server with any compatible BlackBerry Smartphone Device.

(Prism's Amended Infringement Contentions, Filing No. 120, at 2-3).

### III. ANALYSIS

In patent cases, many courts use a "good cause" standard for evaluating whether a motion to amend should be granted. Courts evaluating whether good cause exists focus on whether the moving party acted diligently when new evidence is revealed to the moving party in discovery. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). In evaluating whether a party acted diligently, the moving party must show the delay is attributable to something other than error. *Bd. of Trs. of Leland Stanford, Jr. Univ. v. Roche Molecular Sys.*, No. C 05-04158, 2008 WL 624771, at *3 (N.D. Cal. Mar. 4, 2008).

The Court finds Prism acted diligently in making its motion to amend and, therefore, good cause exists allowing the

-6-

Court to grant leave to Prism to amend its infringement contentions.  The record reflects that the majority of the 600,000 plus pages of documents that RIM provided to Prism were disclosed on a rolling basis after the August 21, 2010, deadline for amending infringement contentions without leave of the Court.  Upon disclosure, Prism needed some time to analyze RIM's documents and to refine its theories of infringement.  Given the sheer volume of documents, the technical nature of the case, and RIM's rolling document production, it is clear that Prism acted diligently in filing its motion to amend its infringement contentions.

RIM cites *Orion v. Staples, Inc.*, No. 2:04-CV-297, slip op. at 3 (E.D. Tex. July 7, 2005), as supporting the rule that a movant does not have good cause to amend its infringement contentions when the information providing the basis for the amendment was publicly available.  However, this rule is not as broad as RIM suggests.  In *American Video Graphics, L.P. v. Electronic Arts, Inc.*, which the court in *Orion* cited as the basis for this "publicly available information" rule, the court recognized that "software cases present unique challenges" because plaintiffs typically do not have access to the underlying technical information alleged to infringe the patent. *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005).  By contrast, in non-software cases, plaintiffs

-7-

are typically able to produce and ascertain the mechanics of how the defendants' product infringes the plaintiffs' patent. *Am. Video*, 359 F. Supp. 2d at 560. This case is similar to *American Video* insofar as both of these software cases involve alleged-infringing products that require analysis of highly technical information that is not necessarily apparent in the products' final manifestation. While the final manifestation of RIM's products and some of the technical information underlying them may have been publicly available, similar to the product in *American Video*, this does not mean Prism could have meaningfully utilized that information in making its preliminary infringement contentions.[3]

RIM also argues Prism did not act diligently because Prism delayed the Court's entry of a protective order, which in turn delayed RIM's production of documents. Upon reviewing the evidentiary submissions, the Court cannot conclude either party was more blameworthy than the other for the protective order's delayed entry. Furthermore, even assuming Prism caused the delay, and the protective order had been entered immediately

---

[3] Moreover, even assuming the highly technical information Prism needed to craft its infringement contentions was publicly available, this would not necessarily mean that Prism lacked good cause to amend its infringement contentions. Litigants are entitled to rely on the information disclosed to them during discovery to hone their theories of the case. The Court is not aware of any rule requiring a litigant to scour the universe of publicly available information to find discoverable information, and RIM does not cite to such a rule.

after it was initially drafted and distributed on June 2, 2009, this would only account for a two-and-one-half month delay. Given the rate at which RIM was disclosing documents to Prism, the majority of the documents RIM provided still would have been disclosed in close proximity to or after the August 21, 2009, deadline to amend infringement contentions.

Having established Prism acted diligently, the Court must determine whether RIM would be prejudiced if the Court granted Prism's motion to amend its infringement contentions. *See Performance Pricing, Inc. v. Google, Inc.*, No. 2:07cv-432, 2009 U.S. Dist. LEXIS 84211, at *7 (E.D. Tex. Aug. 28, 2009). Prejudice to the non-moving party "is significantly lessened when amendment occurs prior to the [claim construction] hearing." *Id.* at *14. RIM argues amending the infringement contentions would jeopardize the pending claims construction hearing, but RIM does not elaborate on how the hearing would be jeopardized. Rather, RIM acknowledged at the hearing on Prism's motion to amend that the claims construction hearing could occur as early as May 19, 2010. This would represent only a one month delay from the date on which the claims construction hearing is currently scheduled to commence.

RIM also cites the burden and expense it would undergo by having to litigate the additional infringement contentions Prism seeks to avoid. However, Prism will have an opportunity to

-9-

amend its infringement contentions after the claims construction hearing without seeking leave of Court. *See* Rule 26(f) Report, Filing No. 42, at 11 (permitting Prism to amend its infringement contentions without leave of Court up to fifteen days after the Court enters its claim construction ruling). In light of these considerations, RIM has not demonstrated that it will be prejudiced by Prism's amendments.

Finally, RIM argues the Court should reject Prism's motion to amend its infringement contentions because Prism's proposed amendments are vague and ambiguous. Indeed, at the hearing, the majority of RIM's argument focused on the relative clarity of Prism's amended infringement contentions. While Prism's amended infringement contentions perhaps may not be readily clear and unambiguous, the Court finds this issue is not appropriate for disposition in the context of a motion to amend. The Court encouraged the parties at the hearing to meet and discuss the clarity issues RIM has with Prism's amended infringement contentions and to attempt to resolve these issues without the Court's intervention. If the parties cannot resolve these issues, the Court will entertain an appropriate motion from RIM. Accordingly,

IT IS ORDERED:

1) Prism's motion to file under seal (Filing No. 141) is granted;

-10-

2) Prism's motion to amend its asserted claims and infringement contentions (Filing No. 119) is granted;

3) RIM's oral motion for leave to take three additional depositions to address prior art and/or clarification of, and the factual basis for, Prism's amended infringement contentions is granted; and

4) RIM's oral motion to amend certain case deadlines is granted:

> A) RIM may supplement claim constructions if useful to resolve dispute of claim scope in light of amended infringement contentions and/or Prism's reply brief on or before April 9, 2010.
>
> B) RIM shall file amended invalidity contentions on or before April 23, 2010.
>
> C) The parties shall disclose non-expert witnesses on or before April 30, 2010.
>
> D) The parties may present a technology tutorial to the Court on:
>
> **Tuesday, June 8, 2010, at 1:30 p.m.**
>
> Courtroom No. 5, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The tutorial shall be in conformity with the conditions set forth in the joint motion (Filing No. 148).
>
> E) The claim construction hearing is scheduled for:
>
> **Wednesday, June 9, 2010, at 9 a.m.**

```
          Courtroom No. 5, Roman L. Hruska
          United States Courthouse, 111 South
          18th Plaza, Omaha, Nebraska.
```

DATED this 24th day of March, 2010.

                BY THE COURT:

                /s/ Lyle E. Strom

                _____
                LYLE E. STROM, Senior Judge
                United States District Court