IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>RESEARCH IN MOTION, LTD,<br><br>               Defendant. | Case No. 8:08-cv-00537-LES-TDT |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION TO ORDER A CONTINUANCE OF RESEARCH IN MOTION'S SUMMARY JUDGMENT MOTION**

Complainant Prism Technologies LLC ("Prism") hereby moves the Court to order a continuance of Defendant Research in Motion Corporation's ("RIM") pending Motion for Summary Judgment That The Asserted Claims Of U.S. Patent No. 7,290,288 Are Invalid (Dkt. No. 169) for 45-days, or in the alternative defer ruling on such motion until the Patent Office acts in the parallel *ex parte* reexamination proceeding relating to the patent-in-suit, Reexamination Application No. 09/010,565 ("the reexamination") that will significantly affect the predicate for RIM's motion. The grounds for the Motion are set forth in the evidence index supporting this motion, the Affidavit of Charles J. Hawkins and memorandum in support of this Motion.

The basis for RIM's summary judgment motion is its allegation that U.S. Patent No. 7,290,288 ("the '288 patent") is not entitled to the benefit of the priority date of the earlier filed parent U.S. Application No. 08/892,710 ("the '710 application") that resulted in U.S. Patent No. 6,516,416 ("the '416 patent"). This issue is squarely before the Patent Office in the *ex parte* reexamination proceeding, and action in the reexamination is expected shortly. Thus, continuing RIM's Motion will promote judicial efficiency as well as avoid the potential for conflicting decisions between an administrative agency and judicial body.

The expected action by the Patent Office will fundamentally alter the basis for RIM's pending motion, and in Prism's view will render it moot.  In any event, until the Patent Office acts in the *ex parte* reexamination, Prism cannot definitively present all the evidence essential to justify its opposition, similar to a scenario under FED. R. CIV. P. 56(f).  Thus, Prism submits that the Court should order a continuance of RIM's Motion for 45-days to give the Patent Office time to act in the reexamination.  Alternatively, Prism moves the Court to defer its ruling on RIM's Motion pending the outcome of the reexamination proceedings in the Patent Office.

Prism respectfully requests that the briefing on and consideration of the present motion be placed on an expedited basis, with any opposition brief from RIM being due in 7 days, and any reply brief from Prism being due 5 days thereafter.  In the alternative, Prism requests that the briefing surrounding RIM's summary judgment motion be stayed pending resolution of the present motion.

A Proposed Order will be submitted to the Court's chambers pursuant to Nebraska Civil Rue 7.0.2.

Respectfully submitted,

Date:   April 22, 2010                           **Complainant Prism Technologies LLC**

/s/ Charles J. Hawkins_____
Robert J. Walters
Charles J. Hawkins
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W. 12th Floor
Washington, D.C. 20005-3096
Telephone:   (202) 756-8000
*Counsel for Complainant
Prism Technologies LLC*

Of Counsel:

André J. Bahou, Esq.
V.P. and Chief Intellectual Property Officer
Prism Technologies LLC
1455 Pennsylvania Avenue, NW, Suite 400
Washington DC 20004

WDC99 1862258-1.085545.0013

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on April 22, 2010, which will send notification of such filing to the following at their email address on file with the Court, unless otherwise indicated below.  A copy of this filing was also served via electronic mail on April 22, 2010.

    Scott W. Breedlove
    sbreedlove@velaw.com
    Allen W. Yee
    aye@velaw.com
    **VINSON & ELKINS, LLP**
    2001 Ross Avenue, Suite 3700
    Dallas, Texas 75201
    Tel: (214) 220-7700
    Fax: (214) 220-7716

    Morgan L. Copeland, Jr.
    mcopeland@velaw.com
    William L. LaFuze
    wlafuze@velaw.com
    **VINSON & ELKINS, LLP**
    1001 Fannin Street, Suite 2500
    Houston, Texas 77002
    Tel: (713) 758-2661
    Fax: (713) 758-5561

    Richard P. Jeffries
    rickjeffries@clinewilliams.com
    **CLINE, WILLIAMS, WRIGHT,**
    **JOHNSON & OLDFATHER, LLP**
    One Pacific Place
    1125 South 103rd Street, Suite 320
    Omaha, NE 68124
    Tel: (402) 397-1700
    Fax: (402) 397-1806

    **ATTORNEYS FOR RESEARCH IN MOTION, LTD.**

                                                    _____/s/ Charles J. Hawkins_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>RESEARCH IN MOTION, LTD,<br><br>                Defendant. | Case No. 8:08-cv-00537-LES-TDT |

**MEMORANDUM IN SUPPORT OF PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION TO ORDER A CONTINUANCE OF RESEARCH IN MOTION'S SUMMARY JUDGMENT MOTION**

**I.    INTRODUCTION**

Complainant Prism Technologies LLC ("Prism") hereby moves the Court to order a continuance of Defendant Research in Motion Corporation's ("RIM") pending Motion for Summary Judgment That The Asserted Claims Of U.S. Patent No. 7,290,288 Are Invalid (Dkt. No. 169) for 45-days, or in the alternative defer ruling on such motion until the Patent Office acts in the parallel *ex parte* reexamination proceeding relating to the patent-in-suit, Reexamination Application No. 09/010,565 ("the reexamination").  The reexamination will fundamentally affect the predicate for RIM's Motion and is a necessary component to Prism's opposition to such motion.

The underlying basis for RIM's summary judgment motion is its allegation that U.S. Patent No. 7,290,288 ("the '288 patent") is not entitled to the benefit of the priority date of the earlier filed parent U.S. Application No. 08/892,710 ("the '710 application") that resulted in U.S. Patent No. 6,516,416 ("the '416 patent").  However, RIM neglected to tell the Court that the Patent Office is addressing the priority date issue raised in RIM's motion in the *ex parte*

reexamination proceeding, and action in the reexamination is expected shortly.  Moreover, the reexamination was initiated as a result of a request by Defendant RIM itself, which now seeks to avoid the effects of the reexamination by its premature Motion.

The expected action by the Patent Office will fundamentally alter the basis for RIM's pending motion, and in Prism's view will render it moot.  While Prism submits that other evidence strongly shows the '288 patent has priority from the '416 patent,[1] the reexamination will conclusively establish priority.  In any event, until the Patent Office acts in the *ex parte* reexamination, Prism cannot definitively present all the evidence essential to justify an opposition to RIM's Motion.  *See* FED. R. CIV. P. 56(f).

As a result, Prism requests that the Court order a continuance of RIM's Motion for 45-days from the Court's Order on this Motion, to allow the Patent Office to act on Prism's Amendment and issue a Notice of Intent to Issue Reexamination Certificate ("NIRC"), any further related prosecution to take place, and for the reexamination to proceed toward conclusion.  Alternatively, Prism requests the Court to defer its ruling on RIM's Motion pending the outcome of the reexamination proceedings in the Patent Office.  Prism believes such relief is appropriate in the interest of judicial efficiency and to avoid wasteful and potentially duplicative

---

[1] Prism submits that, apart from the reexamination proceeding, the '288 patent is entitled to the priority date of the earlier-filed application resulting in the '416 patent under 35 U.S.C. §120, based on the continuous and systematic claims to priority made in the application.  Those claims include, but are not limited to, statements in the Original Declaration and Power of Attorney and Request for Corrected Filing Receipt -- both of which were filed within four months of the original filing date of the '288 patent application.  Hawkins Aff., Exhs. B and K.  Further, the Patent Office recognized Prism's claim to the benefit of priority to the earlier-filed application in a Bibliographic Data Sheet, Hawkins Aff., Ex. D and the Publication of the application.  Hawkins Aff., Exh. C.  Also, Prism requested and obtained a Certificate of Correction correcting the ministerial Patent Office error of issuing the '288 patent without the priority data on the first page.  *See* Hawkins Aff., Exhs. E and F.  Nonetheless, the Amendment in the reexamination proceeding, as discussed in this brief, will resolve the issue of the '288 patent's entitlement to the priority of the '416 patent, and as such a stay is appropriate.

expenditure of public and private resources and to prevent the possibility of inconsistent rulings by an administrative and judicial body on the same issue.[2]

## II.    FACTUAL BACKGROUND

This case was filed on December 29, 2008.  On June 4, 2009, Defendant RIM filed a request for *ex parte* reexamination of claims 117-127 and 129-187 of the '288 patent – many of which are asserted by Prism in this case.  Hawkins Aff., Exh. G.  RIM asserted that these claims were invalid over prior art or prior art combinations that gave rise to substantial new questions of patentability.  *Id.*

On March 2, 2010, the Patent Examiner in the reexamination issued a Non-Final Office Action that confirmed the patentability of <u>all but two</u> of the patent claims (claims 186 and 187) of the '288 patent, and provided reasons for the claims' patentability.  *See* Hawkins Aff., Exh. .H.  Claims 186 and 187 were rejected in view of U.S. Patent No. 5,930,804 to Yu *et al.*  The Examiner also commented in the Office Action that Prism should either file an amendment to the first sentence of the specification or submit an application data sheet, to support priority dating to the filing of the application that resulted in the '416 patent.  The Patent Office stated, in relevant part:

> *Priority*
>
> A Certificate of Correction was mailed by the Office on 8 September 2009.  One of the corrections in the patent was a statement that the patent had been filed as a "Continuation-in-part of application No. 08/872,710, filed on Jun. 11, 1997, now U.S. Patent No. 6,516,416."  This new citation on the patent's title page, however, is inconsistent with the remainder of the patent publication, in that a reference to the prior

---

[2] Prism has filed a similar motion in a parallel proceeding before the International Trade Commission, requesting a 45-day stay of the proceedings there pending resolution of the *ex parte* reexamination.  *See* Affidavit of Charles J. Hawkins ("Hawkins Aff."), Exh. A.

3

>application has not been inserted as the first sentence of the specification of this application or in an application data sheet (37 CFR 1.76), which is required if applicant intends to rely on the filing date of the prior application under 35 U.S.C. 119(e), 120, 121, or 365(c). See 37 CFR 1.78(a). For benefit claims under 35 U.S.C. 120, 121, or 365(c), this reference must include the relationship (i.e., continuation, divisional, or continuation-in-part) of all nonprovisional applications.
>
>In order to correct the priority claim, the Patent Owner is required to submit the reference in compliance with 37 CFR 1.78(a) by filing an amendment to the first sentence(s) of the specification or an ADS. See MPEP § 201.11.
>
>For purposes of this office action, it is being presumed that the '288 does NOT enjoy priority to Application No. 08/872,710.

Hawkins Aff., Exh. H.

On April 2, 2010, Prism submitted an Amendment ("the April 2, 2010 Amendment") adding the following text as the first sentence of the specification to address the examiner's comments regarding priority:

>**Amendments to the Specification:**
>
>Please add the following <u>new</u> paragraph before paragraph 1 on page 1:
>
>This application is a continuation-in-part of Application No. 08/872,710, filed on June 11, 1997, now U.S. Patent No. 6,516,416.

Hawkins Aff., Exh. I.

On April 7, 2010, Prism's patent prosecution counsel spoke with the Patent Examiner handling the reexamination on a procedural issue, and learned that the Patent Examiner had Prism's Amendment available for review. *See* Exh. J to the Hawkins Aff., Declaration of Thomas H. Martin In Support of Complainant Prism Technologies, LLC's Motion to Extend Time dated April 8, 2010 ("Martin Decl.") at ¶4. Prism's prosecution counsel believed the Patent Examiner may act on the Amendment shortly. *See* Martin Decl. at ¶4. Prism, based on the experience of its patent prosecution counsel and discussions with the Patent Examiner,

expects that the Patent Examiner will act on the Amendment in prompt fashion – and will likely issue a NIRC.  *Id.*

On April 14, 2010, RIM filed its Motion for summary judgment of invalidity.  The underlying basis for RIM's motion is that the '288 patent is not entitled to the benefit of the priority date of the earlier filed '710 parent application (that resulted in the '416 patent).  RIM's Br. at 5-8.  Specifically, RIM argues that Prism failed to comply with the requirements of 37 C.F.R. 1.78(a)(2)(iii), which RIM argues requires either a statement in the first sentence of the specification or an ADS claiming the benefit of the earlier-filed application.  *Id.* at 5-6.  RIM argues that the '288 patent is entitled only to date of the filing of the application that resulted in that patent (August 29, 2002) for purposes of determining priority.  *Id.*  Thus, RIM argues that the asserted claims of the '288 patent are invalid as being on-sale under 35 U.S.C. §102(b) more than one year prior to the filing date of the application.  *Id.* at 8-9.  In its Motion, RIM makes note of the reexamination proceedings – in particular RIM identifies the March 2, 2010 Non-Final Office Action.  D. 169 at 11-12.  However, RIM failed to note in its brief that the PTO stated that Prism's priority claim could be corrected, or that Prism had two weeks earlier filed an amendment that complied with the Patent Office's requirements.

Prism is not asking the Court to continue, extend or delay other aspects of the schedule in this case.  A continuance of RIM's summary judgment motion will not prejudice RIM – as the summary judgment deadline is August 27, 2010.  Dkt. No. 109.

**II.    STATEMENT OF LAW**

The power of a district court to defer ruling on a motion or stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes

5

on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936); *see also Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir.2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis.*"); *Capitol Indem. Corp. v. Haverfield,* 218 F.3d 872, 874 (8th Cir.2000). A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else." *Lockyer v. Mirant Corp.,* 398 F.3d at 1109; *Jones v. Clinton,* 72 F.3d 1354, 1364 (8th Cir.1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward."). Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant. *Jones,* 72 F.3d at 1365.

FED. R. CIV. P. 56(f) provides useful guidance by specifying that if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."[3] This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986). Rule 56(f) "should be applied with a spirit of liberality." *United States ex rel. Bernard v. Casino Magic Corp.,* 293 F.3d 419, 426 (8th Cir. 2002). If the failure to allow evidence to be obtained deprives the nonmovant of a fair chance to respond to

---

[3] The party invoking Rule 56(f) is required to show by affidavit what additional evidence is necessary, *see Allen v. Bridgestone/Firestone, Inc.,* 81 F.3d 793, 797 (8th Cir. 1996), "what specific facts further discovery might unveil," *see Roark v. City of Hazen, Ark.,* 189 F.3d 758, 762 (8th Cir. 1999), and how the additional evidence is relevant to the opposition of the summary judgment motion. *See Allen,* 81 F.3d at 797-98.

6

the motion, summary judgment is not proper.  *See Palmer v. Tracor Inc.,* 856 F.2d 1131, 133-34 (8th Cir. 1988).

**III.    ARGUMENT**

    **A.    Additional Time Is Required for the Patent Office to Act and the Record to be Fully Developed**

The foundation underlying RIM's Motion has not been fully laid – and will not be in place until such time as the Patent Office considers and acts on Prism's amendment in the *ex parte* reexamination of the '288 patent.  The issue presented by RIM in its Motion was squarely raised by the Patent Office in the March 2, 2010 Non-Final Office Action and squarely addressed by Prism in the April 2, 2010 Amendment. *See* Exhs. H and I, Hawkins Aff.  Until such time that the Patent Office acts on the Amendment, the factual and legal issues addressed in RIM's Motion will not be fully developed and, thus, a 45-day continuance of the proceedings on RIM's Motion to allow the Patent Office to act should be granted.

As described in the attached Affidavit of Charles J. Hawkins, entry of the April 2, 2010 Amendment, which seeks to add text as the first sentence of the specification of the '288 patent that claims priority to the earlier-filed '710 application that resulted in the '416 patent.  Hawkins Aff. at ¶¶6-8; Hawkins Aff., Exh. I.  Action by the Patent Office on the April 2, 2010 Amendment will be highly relevant to determining the merits of RIM's Motion, and will assist in resolving issues relating to 35 U.S.C. §120 and 37 C.F.R. §1.78(a).  *Id.*  Prism believes that the record is incomplete and it is unable to fully respond to RIM's Motion without determination of the outcome of the *ex parte* reexamination.  *Id.*

While the expected Patent Office action on the reexamination differs from the typical discovery sought under Rule 56(f), the reexamination provides an even more compelling reason

7

for a continuance of RIM's summary judgment motion, in that it could resolve the issue entirely. The principles of Rule 56(f), thus, provide useful guidance on the present Motion.

### B.  A Continuance of Proceedings Regarding RIM's Summary Judgment Motion Will Not Prejudice RIM

First, RIM will not be prejudiced by a continuance of RIM's summary judgment motion until the Patent Office acts on the priority issue. Prism expects action in the reexamination proceedings shortly. Martin Decl., ¶¶4-5. The April 2, 2010 Amendment squarely addressed and resolved the issues raised by the Patent Examiner in the March 2, 2010 Non-Final Office Action, and should be entered in prompt fashion. *See* Martin Decl., ¶3; Hawkins Aff., Exh. I. Based on past experience and discussions with the reexamination examiner, Prism believes that the Examiner will act promptly – confirming patentability of all the pending claims and confirming that the '288 patent is entitled to the earlier priority date of the '710 application (June 11, 1997). Martin Decl., ¶¶4-5.

Waiting a reasonable period of time to proceed with RIM's motion (through a continuance) will allow these events to unfold at the Patent Office and will not prejudice RIM. Fact discovery is ongoing and can proceed, so RIM cannot claim that the requested continuance would have any effect on the Court's schedule. Indeed, it was RIM who requested that fact and expert discovery be extended less than six weeks ago (Dkt. No. 160). Both RIM and the Court will benefit from the continuance on RIM's Motion by ensuring that the parties and the Court do not waste resources in connection with RIM's pending motion. Further, RIM filed the summary judgment motion well in advance of the August 27, 2010 deadline for summary judgment motions. Dkt. No. 109.

In addition, RIM itself requested reexamination of the '288 patent at the Patent Office, and the Patent Office, on March 2, 2010, confirmed the patentability of all but two of the claims. *See* Exh. H to the Hawkins Aff.  Prism promptly and completely addressed the issues raised at the Patent Office, and is now waiting for Patent Office action.  By virtue of its Motion, RIM is prematurely seeking a judicial determination on an issue squarely before an administrative agency.

### C.    A Continuance Will Simplify Issues In The Case

As stated above, the key issue underlying RIM's currently pending summary judgment motion is whether the '288 patent is entitled to the earlier filing date of the '710 application that resulted in the '416 patent.  This issue is also before the Patent Office as part of the reexamination of the '288 patent.  In its April 2, 2010 Amendment, Prism amended the first sentence of the specification of the '288 patent by adding a statement claiming priority to the earlier-filed application.  *See* Hawkins Aff., Exh. I at P-ITC139344-45.  This Amendment was submitted in response to the Patent Examiner's suggestion in the March 2, 2010 Non-Final Office Action that such a statement would meet the requirements of 37 C.F.R. §1.78(a) to show priority.  Prism submits that entry of the Amendment by the Patent Examiner will resolve any issues surrounding the issue of the '288 patent is entitlement to the June 11, 1997 effective filing date of the '710 parent application (that resulted in the '416 patent).[4]  Regardless, there can be no

---

[4] The Patent Examiner also confirmed the patentability of all but two of the claims subject to reexamination in view of the prior art references considered in the reexamination.  Some of these prior art references are also asserted as invalidity references by RIM in this Investigation.  A ruling by the Patent Examiner will relate to invalidity issues in this Investigation as well.

question that entry of such an Amendment would significantly alter the basis and status of RIM's Summary Determination Motion.

RIM argues in its summary judgment motion that, assuming the '288 patent improperly claimed priority during its initial prosecution (which it did not), the Patent Office is unable to grant the '288 patent its proper priority during a reexamination. Dkt. No. 169 at 13-15. Assuming for the purposes of this motion that RIM's argument as to the '288 patent's priority date prior to the reexamination has merit, the Patent Office's determination as the applicable agency that it does have the power to resolve the priority issue during reexamination fundamentally challenges RIM's argument. While the Court is not bound by the Patent Office's ruling on the issue, its analysis is highly credible evidence from not just a disinterested party, but the expert body to whom Congress has granted discretion on the issue.

Deference is given to the PTO in such situations. *See Cooper Techs. Co. v. Dudas,* 536 F.3d 1330 (Fed.Cir.2008) (applying *Chevron* deference to the Patent Office's interpretation of a statutory provision concerning the conduct of proceedings in the Patent Office, instituted after notice and comment proceedings and published in the Federal Register). Deference is also given to the PTO's interpretations of its own procedural rules. *See Ballard v. Comm'r of Internal Revenue,* 544 U.S. 40, 70, 125 S.Ct. 1270, 161 L.Ed.2d 227 (2005) ( "An agency's interpretation of its own rule or regulation is entitled to 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.' " (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945))). Thus, the pending action in the reexamination relating to the priority issue is fundamental to RIM's Motion, and weighs heavily in favor of a stay.

### D.    Action By the Patent Examiner in the Reexamination Is Expected

The Patent Office is statutorily mandated to conduct reexamination proceedings promptly and efficiently.  35 U.S.C. 305 ("All reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch within the Office.").  All indications in this case are that action on Prism's Amendment will follow quickly.  The April 2, 2010 Amendment was straightforward – addressing the two issues raised by the Patent Examiner in the March 2, 2010 Office Action.  *See* Martin Decl. at ¶3.  The patentability of all but two of the '228 patent claims was confirmed by the Patent Office in the reexamination.  Exh. H, Hawkins Aff.  Based on the Examiner's statements, no further prosecution should be required, and any further prosecution that is necessary can proceed quickly to conclusion.  This factor weighs in favor of a stay.

### E.    A Continuance Will Promote The Efficient Use of Court and Private Resources, Advance Judicial Economy and Minimize the Possibility of Duplicative Briefing and Inconsistent Results

Finally, ordering a continuance of the proceedings relating to RIM's Motion will conserve considerable resources of the Court and private parties.  The circumstances here show a high potential for wasted effort and duplicative work if a stay is not entered, gives that the basis for RIM's motion for summary determination will likely be fundamentally altered by the reexamination.  Addressing RIM's motion at present, before further action in the reexamination, would not be efficient, given that further briefing after the expected action will certainly be beneficial to address the effects of that action.

This motion presents a markedly different case from the more common situation where a party (typically a respondent) seeks an indefinite stay pending a Patent Office reexamination in

11

the hopes that the subject patent is found invalid. Instead, here the narrow issue of priority is before the Patent Examiner, and is also the subject of a potentially case-dispositive pending summary determination motion, and the Patent Office appears to be close to acting on the issue. Prism submits that ordering a continuation of the proceedings regarding RIM's Motion until further action in the reexamination would be efficient and avoid wasted effort and duplicative expenditure of resources.

Prism submits that these factors weigh heavily in favor of ordering a continuance of RIM's summary judgment motion, including deferral of briefing as appropriate, and an opportunity for Prism to brief the effects of the reexamination once action takes place.

### IV.  CONCLUSION

RIM's Motion should not proceed until the Patent Office acts on the reexamination – which was initiated by RIM – otherwise the legal and factual record will be deficient. Moreover, the current posture of this matter presents precisely the circumstances in which the Court should order a continuance of RIM's pending motion in order to avoid inefficient and unnecessary expenditure of resources. Prism respectfully requests that this court order a continuance of RIM's summary judgment motion for 45-days from  in view of pending action in the reexamination. Should the Court find that the present circumstances fall within the scope of FED. R. CIV. P. 56(f), Prism requests that the Court deny RIM's Motion. Alternatively, Prism requests that the Court defer ruling on RIM's Motion until the Patent Office acts in the *ex parte* reexamination proceedings.

In addition, Prism respectfully requests that the briefing on and consideration of the present motion be placed on an expedited basis, with any opposition brief from RIM being due in

12

7 days, and any reply brief from Prism being due 5 days thereafter. Prism also requests that the briefing surrounding RIM's summary judgment motion be stayed pending resolution of the present motion.

Respectfully submitted,

Date: April 22, 2010

**Complainant Prism Technologies LLC**

/s/ Charles J. Hawkins
Robert J. Walters
Charles J. Hawkins
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W. 12th Floor
Washington, D.C. 20005-3096
Telephone:    (202) 756-8000
*Counsel for Complainant*
*Prism Technologies LLC*

Of Counsel:

André J. Bahou, Esq.
V.P. and Chief Intellectual Property Officer
Prism Technologies LLC
1455 Pennsylvania Avenue, NW, Suite 400
Washington DC 20004

WDC99 1861870-3.085545.0013

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on April 22, 2010, which will send notification of such filing to the following at their email address on file with the Court, unless otherwise indicated below.  A copy of this filing was also served via electronic mail on April 22, 2010.

    Scott W. Breedlove
    sbreedlove@velaw.com
    Allen W. Yee
    aye@velaw.com
    **VINSON & ELKINS, LLP**
    2001 Ross Avenue, Suite 3700
    Dallas, Texas 75201
    Tel: (214) 220-7700
    Fax: (214) 220-7716

    Morgan L. Copeland, Jr.
    mcopeland@velaw.com
    William L. LaFuze
    wlafuze@velaw.com
    **VINSON & ELKINS, LLP**
    1001 Fannin Street, Suite 2500
    Houston, Texas 77002
    Tel: (713) 758-2661
    Fax: (713) 758-5561

    Richard P. Jeffries
    rickjeffries@clinewilliams.com
    **CLINE, WILLIAMS, WRIGHT,**
    **JOHNSON & OLDFATHER, LLP**
    One Pacific Place
    1125 South 103rd Street, Suite 320
    Omaha, NE 68124
    Tel: (402) 397-1700
    Fax: (402) 397-1806

    **ATTORNEYS FOR RESEARCH IN MOTION, LTD.**

                                                               ____/s/ Charles J. Hawkins____